Dear Mayor Sullivan:
You requested an Attorney General's opinion regarding whether or not the City of Donaldsonville may reimburse you for your attorney's fees in connection with your defense in the matter of Anthony D. Huey v. Leroy Sullivan and Kermit "Hart" Bourque, Clerk of Ascension Parish, 23rd Judicial District, Parish of Ascension, State of Louisiana, Suit No. 78,607. The Petition sought to disqualify you as a candidate for the office of Mayor of the City of Donaldsonville, an office which you sought in the primary election on September 18, 2004. You indicated that the matter concluded in your favor and provided this office with a copy of the decision of the court dismissing the Petition.
R.S. 13:5108.1, et seq. provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where "the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state". However, neither R.S. 13:5108.1, et seq., nor any other provision of state law of which we are aware, provides for the indemnification of the officers and/or employees of municipalities or other political subdivisions.
Nevertheless, this office has consistently opined that if a public official or employee is sued for civil damages and is found not liable and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay the reasonable attorneys fees and expenses that result from the defense against the suit. Attorney General's Opinions Nos. 02-0005, 01-94, 97-248, 96-398, 96-210, 96-95, 85-822. See also: Atty. Gen. Op. 89-401, which determined that a public official acting beyond the course and scope of his duties is not entitled to attorney's fees for the defense of civil or criminal actions brought against him. It is the opinion of this office that public funds can be utilized to pay or reimburse the legal fees of a public official or employee who is or was the target of civil claim, as long as the allegations arose out of the performance of, as well as within the course and scope of, the official functions and duties of the public official or employee.
The City has no obligation or authority to reimburse expenses or attorney's fees incurred by you individually, and the City's reimbursement of the individual or personal legal fees incurred by you would be a violation of La. Const. Art. VII, Sec. 14. In accord: Attorney General's Opinion No. 95-242. In this case, it appears that the lawsuit was filed against you in your individual capacity. The Petition sought to disqualify you from seeking the office of Mayor and did not arise out of the performance of the official functions and duties of your office. Therefore, it is the opinion of this office that the City of Donaldsonville does not have the authority to reimburse you for your attorney's fees in connection with your defense in the matter of Anthony D. Huey v. Leroy Sullivan and Kermit "Hart" Bourque, Clerk of Ascension Parish, 23rd Judicial District, Parish of Ascension, State of Louisiana, Suit No. 78,607.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb